**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20764
Summary Calendar

FRED PHILLIP WARNER,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 4:03-CV-1932
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Fred Warner challenges his conviction of aggravated assault with a deadly weapon. He contends that counsel's failure to object to three convictions listed in enhancement paragraphs resulted in his being sentenced to 35 years of imprisonment as an habitual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offender pursuant to TEX. PENAL CODE ANN. § 12.42(d) (Vernon 2003), within a range of life or 25-99 years of imprisonment, instead of as a first degree felon pursuant to TEX. PENAL CODE ANN. § 12.42(b) (Vernon 2003), within a range of life or 5-99 years.

Warner has not rebutted the correctness of the finding of the Texas Court of Appeals that he was sentenced pursuant to § 12.42(b) by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). He thus cannot demonstrate prejudice arising from counsel's failure to object to the enhancement paragraphs. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

Warner also states that, because the state failed to present evidence regarding his prior convictions, his sentence should have been 2-20 years. He does not contend, however, that counsel was ineffective for advising him to plead "true," so he has failed to raise a meritorious ineffective-assistance contention. See Long v. McCotter, 792 F.2d 1338, 1342 (5th Cir. 1986) (stating that a "true" plea "waive[d] subsequent challenges to the validity of the prior conviction[s] set forth in the charge").

AFFIRMED.